UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:17-135 |
| ) | 21 USC § 846 |
| ) | 21 USC § 841(a)(1) |
| vs. ) | 21 USC § 841(b)(1)(B) |
| ) | 21 USC § 841(b)(1)(C) |
| ) | 18 USC § 2 |
| VIRGIL FREDERICK EARP ) | 21 USC § 843(b) |
|     a/k/a "ViLi" ) | 21 USC § 853 |
| JOHN ENGLISH ) | 21 USC § 881 |
| ANTONIO LEVON FORD ) | 28 USC § 2461(c) |
| NOLIS LIONELL BOYD, IV ) | |
|     a/k/a "For Sure" ) | |
| ERIC DWAYNE WILSON ) | |
|     a/k/a "E" ) | |
|     a/k/a "Eli" ) | |
| DONIQUE ANTRONE CAPERS ) | **Indictment** |
|     a/k/a "Mayo" ) | |
| DANIEL THOMAS ) | |
|     a/k/a "Wine" ) | |
| DAVID HOWARD ) | |
|     a/k/a "Davey Dave" ) | |
| JUWAYNE RICHOD SANDERS ) | |
|     a/k/a "Shod" ) | |
| CURTIS DEMETRICE McCONICO ) | |
|     a/k/a "Butterball" ) | |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around 2008, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the defendants, VIRGIL FREDERICK EARP, a/k/a "ViLi"; JOHN ENGLISH; ANTONIO LEVON FORD; NOLIS LIONELL BOYD, IV,

a/k/a "For Sure"; ERIC DWAYNE WILSON, a/k/a "E", a/k/a "Eli"; DONIQUE ANTRONE CAPERS, a/k/a "Mayo"; DANIEL THOMAS, a/k/a "Wine"; DAVID HOWARD, a/k/a "Davey Dave"; JUWAYNE RICHOD SANDERS, a/k/a "Shod"; and CURTIS DEMETRICE McCONICO, a/k/a "Butterball", knowingly and intentionally did combine, conspire, and agree and have a tacit understanding with Donald Dingle and others, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances:

   a. With respect to VIRGIL FREDERICK EARP, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

   b. With respect to JOHN ENGLISH, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

c. With respect to ANTONIO LEVON FORD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

d. With respect to NOLIS LIONELL BOYD, IV, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

e. With respect to ERIC DWAYNE WILSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

f. With respect to DONIQUE ANTRONE CAPERS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

g. With respect to DANIEL THOMAS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

h. With respect to DAVID HOWARD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

i. With respect to JUWAYNE RICHOD SANDERS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

j. With respect to CURTIS DEMETRICE McCONICO, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation

of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

## COUNTS 2-18

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina, the defendants listed below knowingly and intentionally did use a communication facility, that is, a telephone, to facilitate the commission of a felony under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of cocaine and cocaine base (commonly known as "crack cocaine"), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

| Count | Date | Defendant |
|-------|------|-----------|
| 2 | December 5, 2014 | DONIQUE A. CAPERS |
| 3 | December 8, 2014 | DONIQUE A. CAPERS |
| 4 | December 8, 2014 | ERIC DWAYNE WILSON |
| 5 | December 9, 2014 | DAVID HOWARD |
| 6 | December 10, 2014 | DAVID HOWARD |
| 7 | December 10, 2014 | JOHN ENGLISH |
| 8 | December 12, 2014 | ERIC DWAYNE WILSON |

| 9 | December 15, 2014 | JOHN ENGLISH |
|---|---|---|
| 10 | December 17, 2014 | DANIEL THOMAS |
| 11 | December 20, 2014 | ANTONIO LEVON FORD |
| 12 | December 20, 2014 | NOLIS LIONELL BOYD, IV |
| 13 | December 22, 2014 | NOLIS LIONELL BOYD, IV |
| 14 | December 23, 2014 | DANIEL THOMAS |
| 15 | December 25, 2014 | JUWAYNE RICHOD SANDERS |
| 16 | December 25, 2014 | JUWAYNE RICHOD SANDERS |
| 17 | December 26, 2014 | ANTONIO LEVON FORD |
| 18 | January 7, 2015 | VIRGIL FREDERICK EARP |

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

COUNT 19

THE GRAND JURY FURTHER CHARGES:

That on or about May 15, 2014, in the District of South Carolina, the defendant, DONIQUE ANTRONE CAPERS, a/k/a "Mayo", knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 20

THE GRAND JURY FURTHER CHARGES:

That on or about May 29, 2014, in the District of South Carolina, the defendant, DONIQUE ANTRONE CAPERS, a/k/a "Mayo", knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 21

THE GRAND JURY FURTHER CHARGES:

That on or about June 25, 2014, in the District of South Carolina, the defendant, DONIQUE ANTRONE CAPERS, a/k/a "Mayo", knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT 22

THE GRAND JURY FURTHER CHARGES:

That on or about July 8, 2014, in the District of South Carolina, the defendant, DONIQUE ANTRONE CAPERS, a/k/a "Mayo", knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

DRUG OFFENSES:

Upon conviction for one or more violations of Title 21, United States Code, as charged in this Indictment, the Defendants, **VIRGIL FREDERICK EARP, a/k/a "ViLi"; JOHN ENGLISH; ANTONIO LEVON FORD; NOLIS LIONELL BOYD, IV, a/k/a "For Sure"; ERIC DWAYNE WILSON, a/k/a "E", a/k/a "Eli"; DONIQUE A. CAPERS, a/k/a "Mayo"; DANIEL THOMAS, a/k/a "Wine"; DAVID HOWARD, a/k/a "Davey Dave"; JUWAYNE RICHOD SANDERS, a/k/a "Shod"; and CURTIS DEMETRICE McCONICO**, shall forfeit to the United States all of the Defendants' right, title and interest in and to any property, real and personal,

- A. constituting or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations of Title 21, United States Code, and all property traceable to such property; or

- B. used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

PROPERTY:

Pursuant to Title 21, United States Code, Sections 853, and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the defendants for offenses charged in this Indictment includes, but is not limited to, the following:

A. Proceeds/Money Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result for their violations of 21 U.S.C. §§ 841, 843 and 846 for which the defendants are jointly and severally liable.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

- A. cannot be located upon the exercise of due diligence;
- B. has been transferred or sold to, or deposited with, a third person;
- C. has been placed beyond the jurisdiction of the Court;
- D. has been substantially diminished in value; or
- E. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A  TRUE  Bill

<!-- Redacted -->
/FOREPERSON

*Nancy C. Wicker for*
BETH DRAKE   (bng)
UNITED STATES ATTORNEY