IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:17-135-TLW |
| v. | **PLEA AGREEMENT** |
| **DAVID HOWARD** | |

### General Provisions

This PLEA AGREEMENT is made this **5** day of **JAN**, 201**8** between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States Attorney Benjamin N. Garner; the Defendant, **DAVID HOWARD**, and Defendant's attorney, James Perry Craig.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count One of the Indictment now pending, which charges "Conspiracy to Possess With Intent to Distribute 28 Grams or More of Cocaine Base," a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), & 846.

In order to sustain its burden of proof, the Government is required to prove the following:

### Count One

a. The conspiracy described in the Indictment to distribute the charged amount of controlled substances was willfully formed and was existing at or about the alleged time;

b. The defendant willfully became a member of the conspiracy; and

c. The defendant distributed a quantity of controlled substance(s) equal to, or in excess of, the amount charged in Count 1; agreed to assist in the distribution of a quantity of controlled substance(s) equal to, or in excess of, the amount charged in Count 1; or the distribution of the threshold quantity of controlled substance(s) equal to, or in excess of, the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

**21 U.S.C. § 841(a)(1), (b)(1)(B)** – in a case involving 28 grams or more of crack cocaine and no prior drug convictions – a minimum term of imprisonment of 5 years and a maximum term of 40 years, no probation, no parole, a fine of $5,000,000 and a term of supervised release of at least four years in addition to any term of imprisonment, plus a special assessment of $100.

   **21 U.S.C. § 841(a)(1), (b)(1)(B)** - in a case involving 28 grams or more of crack cocaine and one prior drug conviction - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least eight years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

   The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary

3

penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments

4

under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items

5

of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a. the Defendant will not be permitted to withdraw plea of guilty to the offenses described above;

    b. all additional charges known to the Government may be filed in the appropriate district;

    c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that refusal to take or failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   a. known to the Government prior to the date of this Agreement;

   b. concerning the existence of prior convictions and sentences;

   c. in a prosecution for perjury or giving a false statement; or

   d. in the event the Defendant breaches any of the terms of the Plea Agreement.

  e. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8. Provided the Defendant cooperates and complies with all the provisions of this Plea Agreement and the Defendant's cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to withdraw at sentencing 1 enhancement contained in the Information previously filed pursuant to 21 U.S.C. § 851 seeking an enhanced minimum penalty based on Defendant's prior felony drug conviction for Possession of Cocaine, such that the Defendant should be held accountable for no prior felony drug conviction described in that Information. The Defendant understands that the withdrawal of the enhancement(s) would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G.

### Merger and Other Provisions

9. The Defendant represents to the court that he has met with attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and

receive advice; that the Defendant has been truthful with attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest

either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations

10

and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 1/5/18<br>Date | DAVID HOWARD<br>**DAVID HOWARD,** DEFENDANT |
| 1-5-18<br>DATE | JAMES PERRY CRAIG<br>ATTORNEY FOR THE DEFENDANT |
| | BETH DRAKE<br>UNITED STATES ATTORNEY |
| 1-16-18<br>Date | BENJAMIN N. GARNER (#11477)<br>ASSISTANT UNITED STATES ATTORNEY |

11

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 3:17-135-TLW |
| **DEFENDANT'S NAME:** | DAVID HOWARD |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* **(*Do Not send cash*)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*